UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

WILLIAM M. WALKER, JR.,

                                        Petitioner,

              vs.

                                                            9:10-CV-1241
D. UNGER, Superintendent,                                   (TJM/ATB)
Wyoming Correctional Facility,

                                        Respondent.

_____

WILLIAM M. WALKER, JR., 02-A-2800, Petitioner *pro se*
LEILANI J. RODRIGUEZ, Assistant Attorney General, for Respondent

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation pursuant

to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254,

challenging a May 6, 2002, judgment of conviction from the Schenectady County

Court.  (Dkt. No. 18-14 pp. 62–63).[1]  Petitioner was sentenced to a determinate term

of incarceration of fourteen years.  (Dkt. No. 18-14 p. 83).

No notice of appeal was filed, and petitioner's appeal was never perfected.  On

October 13, 2009, petitioner filed a motion pursuant to New York Criminal

Procedure Law (N.Y. CPL) § 460.30 to extend his time to appeal.  (Dkt. No. 18-2).

_____

[1] For ease of reference, the court will cite to pages as assigned by its Case
Management/Electronic Case File system.

On January 2, 2010, the Appellate Division denied petitioner's motion for an

extension to file a notice of appeal.  (Dkt. No. 18-4).  On February 8, 2010, petitioner

filed a motion pursuant to N.Y. CPL § 440.10 (§ 440 motion) to vacate his judgment

of conviction.  (Dkt. No. 18-5).  The Schenectady County Court denied petitioner's

motion to vacate the judgment.  (Dkt. No. 18-8).  On August 3, 2010, petitioner filed

an application for leave to appeal the § 440 motion.  (Dkt. No. 18-9).  On October 8,

2010, the appellate division denied petitioner's application.  (Dkt. No. 18-12).

Petitioner filed this habeas petition on October 18, 2010.  Petitioner raises the

following grounds in support of his habeas petition:

1.   Trial counsel was ineffective for failing to object to the composition of
     the jury pool and for failing to file a notice of appeal (Pet. ¶ 12(A), (D)).

2.   The evidence admitted during the trial was obtained by unlawful search
     and seizure.  (Pet. ¶ 12(B)).

3.   The prosecutor used allegedly false evidence and made improper
     comments during summation.  (Pet.¶ 12(C)).

4.   Evidence admitted during trial was obtained pursuant to an unlawful
     arrest.  (Pet. p. 6).[2]

5.   The prosecutor failed to turn over *Brady*[3] materials.  (Pet. p. 6).

On March 9, 2011, this court granted a request by respondent to limit his

---

[2] Petitioner attached an additional sheet containing additional grounds to his petition.  The additional sheet lacks a page number, so the court will refer to it by the page number assigned by the Case Management/Electronic Case File system.

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).  Under *Brady*, a prosecutor must disclose any exculpatory information material to the guilt or innocence of a defendant.

response to whether the petition is timely, and allowed respondent to "file a response

that is limited to the issue of timeliness. (Text Order dated March 9, 2011).

Respondent was directed to include any state court records relevant to that issue,"

and was ordered to "address whether there is a basis for equitable tolling in this

case." Respondent has filed an answer (Dkt. No. 16), a memorandum of law (Dkt.

No. 17), and the pertinent state court records (Dkt. No. 18). Petitioner has filed a

response. (Dkt. No. 19). For the following reasons, the court will recommend that

the petition be denied and dismissed as untimely.

## DISCUSSION

## I.     Statute of Limitations

Pursuant to The Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA),

> A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> Court. The limitation shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States
> is removed, if the applicant was prevented from filing by such State
> action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable to
> cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  In addition, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244 (d)(2).  "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

### A.  Accrual and Expiration under 28 U.S.C. § 2244 (d)(1)(A)

For purposes of section 2244(d)(1)(A), the one year period begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.  When no notice of appeal is filed, a conviction is final when the time period for filing an appeal has expired.  *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002).  In New York, a criminal defendant has thirty days after the imposition of the sentence to file a notice of appeal.  (*See* NY CPL § 460.10(1)(a))).  Here, petitioner was sentenced on May 6, 2002, and thus had until June 5, 2002, to file his notice of appeal.  No notice of appeal was ever filed.  Petitioner had until June 5, 2003, to file his habeas petition.  Petitioner's habeas petition was filed on October 18, 2010; thus petitioner's application is untimely under section 2244(d)(1)(A).

The fact that petitioner filed his motion to extend his time to appeal on October 13, 2009, and his § 440 motion on February 8, 2010, (*see* Dkt. Nos. 18-2, 18-5), does not overcome the fact that his federal petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).  *See Bethea v. Girdich*, 293 F.3d at 579.  The filing of state court collateral challenges *after* a petitioner's federal statute of limitations has expired does *not* restart the statute of limitations for filing a federal habeas petition.  *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (holding that AEDPA's tolling provision does not reset the date from which the one-year limitations period begins to run).

**B.     Alternate Accrual Dates and Equitable Tolling**

In light of the expiration of the statute of limitations under 28 U.S.C. § 2244(d)(1)(A) on June 5, 2003, the court must next determine whether petitioner is entitled to a different accrual date, based on any of the other subsections of the statute.  The only other subsection of 2244 that might be relevant to the facts as stated by petitioner is section 2244(d)(1)(D).  This court will, therefore, consider whether petitioner is entitled to a different accrual date, beginning on the date that petitioner "discovered" the information necessary to support his claim that counsel was ineffective for failing to file an appeal.[4]

---

[4] The only "newly discovered" information would be the basis for arguing that his counsel was ineffective in failing to file a notice of appeal.  There would be subsequent issues regarding exhaustion and futility of exhaustion that could afford petitioner the ability to raise the other issues in his habeas petition.

Assuming that petitioner is not entitled to an alternate accrual date, the court must also consider whether petitioner has shown "extraordinary circumstances" that would justify equitable tolling.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

### 1.    Analysis

In his petition, petitioner claims that his conviction became "final" on October 2, 2010.  (Petition ¶2).  As discussed above, however, petitioner was sentenced on May 6, 2002.  (Dkt. No. 18-14 pp. 62–63).  Petitioner appears to be arguing that the statute of limitations should begin to run on October 2, 2010, but it remains unclear why petitioner considers that date appropriate.  One possibility is that petitioner is referring to the appellate division's October 8, 2010, denial of his application for permission to appeal the Schenectady County Court's denial of his § 440 motion.  (Dkt. No. 18-12).

In *Wims v. United States*, the Second Circuit stated that the statute of limitations period may accrue "when the facts supporting the claim or claims presented *could have been* discovered through the exercise of due diligence . . . regardless of whether petitioner actually discovers the relevant facts at a later date."  *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000) (emphasis added) (quoting

28 U.S.C. § 2255 (f), which sets forth the factual predicate basis for determining the

statute of limitations in cases involving petitioners seeking habeas relief from *federal*

custody); *Ljuljdjurdaj v. New York*, 06-CV-0090 (GLS), 2009 U.S. Dist. LEXIS

6438, *12 (N.D.N.Y. Jan. 29, 2009).  "A petitioner whose claim is based on newly

discovered evidence has the burden of showing that he could not have discovered

such evidence earlier with due diligence."  *Carter v. Connell*, 9:07-CV-185, 2007

U.S. Dist. LEXIS 37719, *7–8 (N.D.N.Y. May 23, 2007) (citing *United States v.

White*, 972 F.2d 16, 20 (2d Cir. 1992)).   The statute "does not require the maximum

feasible diligence, only 'due,' or reasonable, diligence."  *LoCascio v. United States*,

395 F.3d 51, 55 (2d Cir. 2005) (citing *Wims*, 225 F.3d at 190 n. 4).  In a case holding

that a petitioner had exercised due diligence, this court held that "even if it was

possible for a petitioner to discover facts or evidence relevant to his defense, the

petitioner need not actually discover those facts of evidence to exercise due diligence

so long as the petitioner *reasonably pursued* discovering all relevant evidence

concerning his defense."[5]  *Perez v. United States*, 502 F. Supp. 2d 301, 305

(N.D.N.Y. 2006) (emphasis added).

     Assuming that section 2244(d)(1)(D) applies to this situation, the question

before this court is whether petitioner attempted, with due diligence, to find out the

status of his appeal.  Petitioner has not submitted any evidence showing that he made

---

[5]In *Perez*, the issue was whether or not an individual who had previously been deported
by the United States could have discovered that he was, in fact, a United States citizen.

*any such effort whatsoever between his sentencing on May 6, 2002, and October 13,*

*2009.*[6]  In his § 440 motion, petitioner states that it took him so long to "start fighting

my conviction was because it is not un-common [sic] for a[n] appeal to take two to

six years to be he[a]rd."  (Dkt. No. 18-5 p. 7).  Despite the directive given in this

court's text order dated March 9, 2011, that petitioner "will be given an opportunity

to address the timeliness issue in a reply memorandum" within 20 days of

respondent's response, petitioner has failed to file anything with the court regarding

timeliness.[7]  Because petitioner cannot be said to have *reasonably pursued* the

discovery of this "evidence," this court cannot find that his habeas petition is timely.

A period of delay greater than one year normally does not demonstrate due

diligence.  *Morton v. Ercole*, 08 Civ. 252, 2010 WL 890036, 2010 U.S. Dist. LEXIS

22296, at *6 (collecting cases).  Here, similar to the situation in *Morton*, petitioner

failed to inquire about the status of his appeal for nearly seven years.  *See Morton v.*

*Ercole*, 08 Civ. 252, 2010 U.S. Dist. LEXIS 22296, at *8 (waiting nearly seven

---

[6] Trial counsel indicated in an affidavit dated March 4, 2011, that he had reviewed the file, and could find no indication that petitioner tried to contact trial counsel in any way regarding the issue of an appeal.  (Dkt. No. 18-13).  However, this affidavit is not part of the state court records considered by the appellate division, as evidenced by the date of the affidavit, even though respondent included it with the state court records.  The court need not consider the affidavit, because petitioner has not established that he "could not have discovered such evidence earlier with due diligence."  *Carter v. Connell*, 9:07-CV-185, 2007 U.S. Dist. LEXIS 37719, *7–8 (N.D.N.Y. May 23, 2007) (citing *United States v. White*, 972 F.2d 16, 20 (2d Cir. 1992)).

[7] On March 10, 2011, petitioner opposed respondent's March 3, 2011 motion to address only the issue of timeliness, but his opposition only reiterated the arguments he had already made in his petition, which do not affect the court's decision to address timeliness before the merits. (*See* Dkt. No. 19)

years, without explanation, did not constitute due diligence).  Petitioner simply has

not shown that he exercised due diligence in order to obtain the "new evidence"

required to re-start the statute of limitations under section 2254(d)(1)(D).

For the same reasons, petitioner is not entitled to equitable tolling, which is

only available in "appropriate cases." *Holland v. Florida*, __ U.S. __, 130 S.Ct.

2549, 2560 (2010).  In the Second Circuit,  "[e]quitable tolling applies only in the

'rare and exceptional circumstance[].'" *Smith*, 208 F. 3d at 17.  Furthermore,

petitioner must show "that extraordinary circumstances prevented him from filing his

petition on time." *Id*. (citing *Johnson v. Nyack Hosp*. 86 F.3d 8, 12 (2d Cir. 1996)).

Under *Johnson*, the party seeking equitable tolling "must have acted with *reasonable*

*diligence* throughout the period he seeks to toll." *Id*.  The failure to file a notice of

appeal is not a rare or exceptional circumstance, nor was petitioner prevented from

filing his petition in a timely manner.  Petitioner also failed to act with reasonable

diligence during the time period from 2003 until 2009.  Thus, petitioner would not be

entitled to equitable tolling.

Accordingly, the court cannot find that petitioner's eventual decision to

challenge his conviction should re-start the statute of limitations under 28 U.S.C. §

2244 (d)(1)(D).  This court finds that 28 U.S.C. § 2244 (d)(1)(D) should not apply in

this case, and that the applicable portion of the statute is 28 U.S.C. § 2244 (d)(1)(A).

As stated above, the statute of limitations under 28 U.S.C. § 2244 (d)(1)(A) expired

on June 5, 2003, and petitioner is not entitled to equitable tolling of the statute.

Accordingly, after reviewing the papers in this case and the applicable law, and for

the above-stated reasons, this action should be dismissed as untimely.

## II.     Certificate of Appealability

The court notes that an appeal from a final order in a habeas corpus proceeding

under 28 U.S.C. § 2254 may only be taken upon the issuance of a certificate of

appealability.  28 U.S.C. § 2253(c)(1)(A).  When a habeas petition is denied

> on procedural grounds without reaching the prisoner's underlying
> constitutional claim, a [Certificate of Appealability] should issue when
> the prisoner shows, at least, that jurists of reason would find it debatable
> whether the petition state a valid claim of the denial of a constitutional
> right and that jurists of reason would find it debatable whether the
> district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, this court finds that no

reasonable jurist would debate the application of the statute of limitations.

Accordingly, no certificate of appealability should issue.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED**.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have fourteen

(14) days within which to file written objections to the foregoing report.  These

objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO**

**THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28

U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Date: April 20, 2011

Hon. Andrew T. Baxter
U.S. Magistrate Judge

11