UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**WILLIAM M. WALKER, JR.,**

               **Petitioner,**

     **vs.**                                  **9:10-CV-1241**

**D. UNGER, Superintendent,
Wyoming Correctional Facility,**

               **Respondent.**
_____

**THOMAS J. McAVOY,
Senior United States District Judge**

## DECISION & ORDER

**I.  INTRODUCTION**

This *pro se* petition for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2254 was referred to the Hon. Andrew T. Baxter, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.4.  Magistrate Judge Baxter's Report-Recommendation recommends that the petition be denied and dismissed, and that no certificate of appealability be issued.  See Rep. Rec. [dkt. # 21]; see also May 16, 2011 Order [dkt. # 24].[1]  Petitioner has filed objections to the Report-Recommendation, see Obj. [dkt. # 25], and has filed a request for a stay of the *habeas*

---

[1] In the May 16, 2011 Order, Magistrate Judge Baxter granted Petitioner's request for reconsideration of the Report-Recommendation, but concluded that "the arguments made in [Petitioner's reconsideration motion] do not alter the court's conclusion made in its Report-Recommendation dated April 20, 2011."  5/16/11 Order.

1

proceeding because, on June 6, 2011, Petitioner filed an application for a *writ of error coram nobis* in New York state court challenging his underlying conviction. See Motion for Stay [dkt. # 26]. He argues that the instant proceeding should be stayed to allow him to exhaust this state court collateral challenge to his conviction. Id.

## II.   STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

After examining Petitioner's objections, the Court adopts Magistrate Judge Baxter's conclusion that Petitioner's *habeas* petition was filed well after the expiration of The Antiterrorism and Effective Death Penalty Act of 1996's statute of limitations. Moreover, the Court finds no reason to stay the instant matter. As Magistrate Judge Baxter explained, the filing of state court collateral challenge after a petitioner's federal statute of limitations has expired does not restart the statute of limitations for filing a federal *habeas* petition. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*) (holding that AEDPA's tolling provision does not reset the date from which the one-year limitations period begins to run). Thus, there is no meritorious reason to stay the instant

matter because the state court collateral attack will not change the conclusion that the instant matter is untimely. The Court also adopts Magistrate Judge Baxter's conclusion that a certificate of appealability should not issue in this matter.

## IV.     CONCLUSION

The Court adopts Magistrate Judge Baxter's Report-Recommendation in its entirety. Accordingly, the Petition for a *writ of habeas corpus* is **DENIED,** and the action is **DISMISSED.** A **certificate of appealability will not issue**. Petitioner's motion to stay the instant matter [dkt. # 26] is **DENIED**.

**IT IS SO ORDERED**

Dated: July 28, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge